IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIANTONI GOREA, | : | CIVIL ACTION NO. **4:CV-06-2077** |
| Petitioner | : | (Judge Muir) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS HOGAN, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On March 27, 2006, a series of civil rights actions and Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 were filed, *pro se*, by the Petitioner, Piantoni Gorea, an inmate at the York County Prison ("YCP") at York, Pennsylvania, in the United States District Court for the Eastern District of California. The series of complaints and habeas corpus petitions were all jointly filed. Since Petitioner was confined at YCP, which is located in the Middle District of Pennsylvania, the United States District Court for the Eastern District of California transferred this case to this Court. It was received here on October 23, 2006. (Doc. 1, Civil No. 06-2077). Petitioner filed an application for leave to proceed *in forma pauperis*. (Doc. 4).

Petitioner has jointly filed a myriad of separate civil rights complaints and habeas corpus petitions totaling 91 pages. As the Court for the Eastern District of California noted in its October 20, 2006 Transfer Order, "Petitioner has purported to file, *inter alia*, 1) a petition for writ of habeas corpus under 42 U.S.C. § 1983 [sic]; 2) a civil action pursuant to 28 U.S.C. § 1915 [sic]; 3) a complaint regarding illegal detention under 28 U.S.C. § 2243; 4) a motion pursuant to 28 U.S.C.

§ 2255. This court is unable to untangle the gravamen of petitioner's action, but it is apparent that this court lacks personal jurisdiction over Warden Hogan and proper venue as to the other defendants is lacking assuming the agencies are properly named at all." (Doc. 10, E.D. Ca., p. 1, n. 1). We, too, are unable to untangle the actual gist of Petitioner's voluminous filings. In light of the filings' repetitive nature and combination of an unintelligible series of civil rights complaints commingled with habeas corpus petitions and motions to vacate sentences under 28 U.S.C. § 2255, over 91 pages in all, we shall not even attempt to decipher this filing. Doc. 1. Further, Petitioner cannot simply file one *in forma pauperis* motion to cover the numerous separate filings he is attempting to file. *See McKettrick v. Williamson*, Civil No. 06-0543, M.D. Pa. 5-10-06 Order (J. McClure). Rather, Petitioner must submit separate filing fees or *in forma pauperis* motions for each one of his actions. Previously, several other Petitions for Writ of Habeas Corpus filed by Petitioner Gorea were transferred to this Court from the United States District Court for the Central District of California (*See* 06-0625, 06-0804, and 06-1090, M.D. Pa.) and from the United States District Court for the District of Columbia (*See* 06-0852 and 06-1089, M.D. Pa.). All of Petitioner's prior cases have been dismissed by this Court for lack of jurisdiction under the REAL ID Act, since they challenged his removal order and denial of his applications for relief from removal under various statutes and Treaties, including the Convention Against Torture ("CAT").

The Court has not yet directed either Respondents[1] or Defendants to respond to the present Habeas Petitions and Civil Rights Complaints. We now give preliminary consideration to the

---

[1] In the present case, Petitioner correctly named as a Respondent Warden Hogan, the person who has custody of Petitioner. *See* 28 U.S.C. § 2242.

Petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)).  *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2]  We find that jurisdiction with respect to some claims in some of the instant habeas petitions lies with the Third Circuit in light of the Real ID Act of 2005.  We also attempt to screen, in part, under the PLRA, Gorea's filings to the extent they are Civil Rights Complaints, since he has filed an *in forma pauperis* application pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## II. Discussion.

### A. *Civil Rights Actions*

We shall recommend, to the extent that Gorea is seeking to file numerous civil rights complaints, either under 42 U.S.C. § 1983 or under *Bivens*, 28 U.S.C. § 1331, or both, regarding what appear to be claims for monetary relief for illegal detention at YCP, that he be directed to file one amended civil rights complaint, under the current civil number, properly stating a claim or claims in conformance with Rule 8(a) and Rule 20(a) of the Federal Rules of Civil Procedure.

Plaintiff's "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

With respect to largely unrelated claims contained in the original Complaint, we have found that Plaintiff has impermissively attempted to join all of these Defendants and the claims against them in one action, in violation of Fed. R. Civ. P. 20 (a). Rule 20(a) provides:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more

defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's amended complaint should be limited with respect to only the Defendants and claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all Defendants and claims. Plaintiff should file separate civil rights actions as to any Defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

*B. Habeas Corpus Petitions*

We shall recommend that Gorea's habeas corpus petitions be dismissed entirely from this action, and that he be directed to file a new habeas corpus petition, under 28 U.S.C. 2241, regarding his claim of illegal detention by Bureau of Immigration and Custom Enforcement ("BICE")

at YCP.[4]  However, to the extent that Gorea is claiming in his present habeas petitions that the BIA committed legal error when it found him deportable (Doc. 1, pp. 10-11), these claims should be dismissed entirely from this case, and he should not include them in his new habeas filing.  Gorea must file such claims with the Appeals Court in the Circuit where his removal order was entered pursuant to the REAL ID Act, as this Court has repeatedly advised Gorea.  Also, Gorea's claims, contained in some of his present habeas corpus petitions, that BICE used improper evidence of his criminal convictions to meet its burden of showing his removability and seeking remand to the Board of Immigration Appeals ("BIA") (Doc. 1, pp. 10-12), should be dismissed entirely from this action, and he should not include them in his new habeas petition.  Thus, any claims that Gorea again seeks to raise herein that the BIA committed legal error when it found him deportable, should be dismissed.

Insofar as Gorea is claiming that his current detention by ICE at YCP is illegal or unconstitutional, he should include this claim in his new habeas petition filed under a new civil action number.

Accordingly, Gorea must file a petition for review with the Third Circuit regarding his present challenges in his numerous habeas petitions to his Removal Order.  All of these claims should not be included in Gorea's new habeas petition filed under a new civil number.  Only Gorea's challenge to his continued detention by BICE at YCP should be included in his new habeas petition. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-446 (3d Cir. 2005)**.**

---

[4]As stated, Gorea should be directed to file separate filing fees or *in forma pauperis* motions for each of his filings.

*C.  Claim for Money Damages against Attorney General of California*

Insofar as Gorea, in his present filings, seeks to assert a claim for money damages against the Attorney General of California for the return of his money regarding a criminal case in Los Angeles, he should file such an action with the appropriate court in California, and not this Court. (Doc. 1, p. 5).  Thus, the stated claim should be dismissed from this case.

*D.  Motion to Vacate Sentence*

To the extent that Gorea is seeking to file a Motion to Vacate his sentence under 28 U.S.C. § 2255, and to correct his sentence, Doc. 1, p. 6, 7-8, 11, he must file such motion with the United States District Court that imposed his federal sentence, which seems to be in California. *See U.S. v. Eakman*, 378 F.3d 294, 297 (2004) (motion under § 2255 is restricted to a challenge as to the validity of inmate's sentence).

We shall further recommend that Gorea's current 91-page unrelated series of filings, containing several civil rights complaints and habeas corpus petitions as well a myriad of motions, which filings are all jointly docketed as Doc. 1, be stricken from the docket in this action, as it is in clear violation of Fed. R. Civ. P. 8(a) as well as the Local Rules of this Court.

## III.  Recommendation.

Based on the foregoing, we respectfully recommend that pursuant to the Real ID Act, this Court should consolidate all of Gorea's habeas petitions, and then dismiss Petitioner's consolidated Habeas Petition, which challenges his final Order of Removal, since this Court lacks jurisdiction over such claims.  We recommend that the remaining claim of Gorea challenging his continued detention by BICE at YCP should be dismissed without prejudice to file a proper habeas corpus

petition under a new civil number.  We also recommend that Gorea be ordered to file an amended complaint regarding his civil rights action seeking money damages for his claim of continued unlawful detention at YCP under the above civil number, in conformance with the Federal Rules of Civil Procedure, as discussed above.  Further, we recommend that Gorea be directed to file a new habeas petition only regarding his claim of illegal confinement at YCP and request for release.  Finally, it is recommended that any claim of Gorea for money damages against the California Attorney General and any motion to vacate his sentence under § 2255 be dismissed for lack of jurisdiction.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: November 8, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIANTONI GOREA, | : | CIVIL ACTION NO. **4:CV-06-2077** |
| Petitioner | : | (Judge Muir) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS B. HOGAN, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **November 8, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: November 8, 2006**